## UNION MUTUAL INSURANCE COMPANY v. THE INDIANAPOLIS & CINCINNATI RAILROAD COMPANY.

1. The exception of *unavoidable dangers*, in a contract of a common carrier, does not limit his responsibility to the exercise of ordinary care and diligence.
2. *Fire* can not be considered, in itself, an *unavoidable danger*, and in case of loss from that cause, the defendant is bound to show the origin or cause of the fire, to bring himself within the exception; otherwise, the presumption is, it might have been avoided by proper care.

SPECIAL TERM.—The action was brought for the failure to deliver goods received on a contract for their carriage from Cincinnati to Cairo by railroad. A receipt was given by the defendant in these words: " Received of Athearn & Hibberd, in good order and condition, at the depot of the O. & M. Railroad, the articles marked, etc., which are to be delivered in like good order at Cairo (unavoidable dangers excepted) unto Fowler & Norton or assigns." The defense was, that the goods were destroyed by a fire, the origin of which could not be ascertained, but which occurred after all the usual precautions to prevent such accidents. And it was claimed that this was an " unavoidable danger," within the meaning of the contract.

*Kebler & Force*, for plaintiff.

*Loomis & Lord*, for defendant.

GHOLSON, J. The defendant must be considered a common carrier and liable as such, unless by the express terms of the contract that liability is restricted; 13 Wend. 611, *Cam. & Amb. R. R.*, etc. v. *Burke.*

It devolved on the defendant to show that the failure to deliver the goods at the point of destination arose from some cause, which the law or the contract declared to be a sufficient excuse. Unless the failure arose from such cause, no

degree of care or diligence will excuse a common carrier of goods or merchandise; 2 Kent Com. 597.

It may be doubtful whether the exception of "unavoidable danger," properly means more than "inevitable accidents," or such acts as the law has allowed to be an excuse. And it may be doubtful whether the law of Ohio permits a common carrier to limit his liability, either by notice or special agreement; 10 Ohio, 145, 150, *Jones* v. *Voorhees.* But no such restriction or limitation will be carried further than the obvious meaning of the words import. The exception in this case of "unavoidable dangers," can not be construed to change the contract of the common carrier into that of an ordinary bailee, bound only to the exercise of ordinary care and diligence, and responsible only for what are acts of negligence.

Fire, in itself, can not be considered an unavoidable danger. It is one to which, from the very nature of the mode of transportation, it was to be expected the goods would be exposed, and if an exemption from liability therefor, generally, was intended, or only in case of negligence, there should have been an express exception. When the goods have been destroyed by fire, the defendant, to avail himself of the exception, would be bound to show the origin or cause of the fire, as if, for example, it had been caused by lightning. It will not be sufficient, as in the present case, to allege that the origin or cause of the fire is unknown, and that proper care and diligence to avoid fire were used. The presumption, founded on public policy, will be, that the cause or origin of the fire might have been avoided, and the defendant must show what it was, and that it was unavoidable; and until it is shown what the cause or origin of the fire was, the question whether and how it might have been avoided does not properly arise.

Judgment for plaintiff.